**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DALE L. SHEETS,**

      **Plaintiff,**

  vs.                                 **Civil Action 2:03-CV-520**
                                       **Judge Frost**
                                       **Magistrate Judge King**

**THE VILLAGE OF GLOUSTER**
**POLICE DEPARTMENT,** *et al.***,**

      **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, formerly a state inmate, brings this civil rights action against the Village of Glouster, Ohio, and various police officials of the village. This matter is now before the Court on defendants' motion for summary judgment. Although plaintiff has been afforded an opportunity to respond to the motion, and has been advised of the consequences of his failure to respond, Doc. No. 59, plaintiff has nevertheless made no response to the motion for summary judgment.[1]

Summary judgment is appropriate if the record establishes that there exists no genuine issue of material fact. Rule 56, F.R. Civ. Pro. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251. *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

In his complaint, plaintiff alleges that he was subjected to

---

[1] In a status report filed by plaintiff earlier this year, Doc. No. 53, plaintiff indicated that his discovery requests had been responded to and that he "is prepared to proceed forward with this action." *Id.* Moreover, plaintiff and defendants have entered into a stipulation of fact, Doc. No. 55.

excessive force during a September 2001 arrest and that the police report associated with that arrest was inaccurate and untrue in a number of respects. The complaint asserts claims under 42 U.S.C. §§1983, 1985, 1986, and seeks monetary and injunctive relief.

Based on the parties' stipulation, Doc. No. 55, the uncontroverted facts are these: the arresting officer had been advised that a vehicle had left a gasoline station without paying for the gasoline. *Stipulation of Fact*, ¶2. The vehicle driven by plaintiff was located and pursued. *Id.,* ¶6.[2]

> Before the vehicle could stop, the passenger in the vehicle being driven by Dale Sheets, Rick Stevenson[,] jumped from the moving vehicle, dropped his beer, and began to run into the woods.
>
> Officer Mace pulled in behind Sheets' truck. Sheets exited the truck and began walking quickly away.
>
> Sheets did not heed Officer Mace's order to stop and as Officer Mace pulled his gun, Sheets broke into a run. He slipped and fell after a short distance, Officer Mace handcuffed Sheets and took him back to the cruiser.
>
> Mr. Sheets was uninjured and did not need medical care.
>
> The jury found Sheets guilty of failure to comply, and found that Sheets' conduct caused substantial risk of physical harm to persons or property. The jury found Sheets not guilty of driving under the influence of alcohol.
>
> \*       \*       \*
>
> The Court of Appeals affirmed the decision.

*Stipulation of Fact,* ¶¶19-26, Doc. No. 55.

---

[2] Defendants concede that the police report was inaccurate as it related to the point that the arresting officer first saw plaintiff's vehicle. *Stipulation of Fact,* ¶¶8-9.

**2**

**1. Claims against the village**.

Although the complaint alleges that the defendant officers were not adequately trained or supervised by the defendant village, there is no evidence that any policy, practice or custom of the village caused any claimed denial of plaintiff's constitutional rights. *See Monell v. New York City Dept. of Social Services,* 436 U.S. 658 (1978). The defendant village is therefore entitled to summary judgment. *See Gregory v. Shelby County, Tenn.,* 220 F.3d 433, 441 (6th Cir. 2000).

**2. Claims against the individual officers**.

Individuals are protected under the Fourth Amendment from excessive force during an arrest or seizure. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989). "As with probable cause, this inquiry turns on the objective reasonableness of the officer's conduct in view of the facts and circumstances facing the officer." *Lyons v. City of Xenia,* 417 F.3d 565, 575 (6th Cir. 2005), citing *Graham,* 490 U.S. at 397. Courts must consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham,* at 396.

At the time he was arrested, plaintiff was attempting to evade arrest. Indeed, he was ultimately found guilty of failure to comply and causing a substantial risk of physical harm to persons or property. *Stipulation of Fact,* ¶24. These facts justified a greater degree of force in effecting plaintiff's arrest. Moreover, the parties agree that "plaintiff was uninjured and did not need medical care." *Stipulation of Fact,* ¶23. Under these circumstances, it is clear that plaintiff was not subjected to constitutionally excessive force.

Finally, because plaintiff apparently stands convicted of charges arising out of the events of September 2001, *Stipulation of Fact,* ¶¶24-26, plaintiff cannot succeed on his claim that he was charged and convicted in contravention of his constitutional rights. *See Heck v. Humphrey,* 412 U.S. 477 (1994).

It is therefore **RECOMMENDED** that defendants' motion for summary judgment be **GRANTED.**

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


November 8, 2005                        *s/Norah McCann King*
                                            Norah M<sup>c</sup>Cann King
                                   United States Magistrate Judge